(December 31, 1892.)

## BOWEN et al. v. WEATHERMAN, Probate Judge.

[31 Pac. 814.]

Retaxation of Costs—Execution for Costs Disallowed by Court.—Defendant moves the court for a retaxation of the costs claimed by plaintiff, agreeing that if the motion should be allowed he would pay the damages and the costs found due on retaxation, to which proposition plaintiff consented. The court retaxed the costs and struck out $123.77. The defendant immediately paid the judgment and costs, less the amount so struck out. Plaintiff thereafter filed a demand for a writ of execution for the balance of said costs disallowed by the court; the court refused to issue the writ.

Writ of Execution Properly Refused.—Held, that the writ was properly refused; that plaintiff was bound by his agreement in accepting the defendant's proposition to pay the judgment and the costs found due by the court.

(Syllabus by the court.)

APPEAL from District Court, Cassia County.

Charles Cobb and Stewart & Dietrich, for Appellants.

The probate courts in civil jurisdiction are inferior courts, and have only the powers given by statute. (Rev. Stats. 1887, secs. 3841, 3842; *Winter v. Fitzpatrick*, 35 Cal. 269; *State v. Hall*, 49 Me. 412.) A judgment of the probate court must be rendered within the time prescribed by law. After that time jurisdiction is lost. (*McNamara v. Spees*, 25 Wis. 539; *Hull v. Mallory*, 56 Wis. 355, 14 N. W. 374; *Stephens v. Santee*, 49 N. Y. 35; *Crandall v. Bacon*, 20 Wis. 639, 91 Am. Dec. 451.) An attorney has only authority to bind client by agreement filed with the clerk or entered upon the minutes of the court. (Rev. Stats., sec. 3998; *Borkheim v. Insurance Co.*, 38 Cal. 628.) A stipulation, even by the parties themselves, will not invest the court with jurisdiction. (12 Am. & Eng. Ency. of Law, 401; *Filley v. Cody*, 4 Colo. 110; *The Lucy*, 8 Wall. 307; *Montgomery v. Anderson*, 21 How. 386; *Ballance v. Forsyth*, 21 How. 389.) Amendment or vacation of judg-

ment after time for appeal has expired is void. (*Hawks v. Votaw*, 1 Wash. 70, 23 Pac. 442.)

F. E. Ensign, for Respondent.

HUSTON, J.—This is an appeal from a judgment of the district court of Cassia county denying a writ of mandate. The facts, as they appear by the record, are substantially as follows: On March 12, 1891, plaintiff, W. H. Bowen, recovered in the probate court for the county of Cassia a judgment against one Gwin for the sum of forty-three dollars and seventy-five cents damages, and $306.97 costs. On the twenty-fourth day of March, 1891, on demand of the plaintiff, execution was issued upon said judgment, and on the same day the defendant filed his notice of appeal, and the undertaking thereon required by statute, and thereupon the probate court ordered a stay of proceedings under the execution. On the twenty-sixth day of March "the said plaintiff, Bowen, by his attorney, A. Heed, Esq., filed exceptions to the sufficiency of the sureties on the said undertaking." What action, if any, was had upon this exception—whether the sureties justified or not—does not appear from the record; but it does appear "that on the sixth day of April, 1891, the transcript on appeal in said cause was duly filed with the clerk of the district court." How the transcript could have been filed, if the exception to the sureties was still pending, is not easily discernible, yet on the fourteenth day of April, 1891, the plaintiff applied to the probate court for a writ of execution on the judgment so as aforesaid entered on March 12, 1891; and on the twenty-first day of April, 1891, the said probate court, having taken one more day to consider this important question than it required to make the world, concluded to issue execution, "but by the consent of the attorneys of both parties then present, the matter was continued, without further action, until the twenty-seventh day of April, 1891." "On the twenty-seventh day of April, 1891, the said parties in said action . . . . appeared by their respective attorneys, A. Heed, Esq., for plaintiff, and J. C. Rogers, Esq., for defendant; and defendant then and there made a motion

for a retaxation of the costs claimed by plaintiff in said action, agreeing that, if the motion to retax said costs should be allowed, that said defendant would immediately pay the damages and costs found due on retaxation, under protest, . . . . to which motion to retax said costs the said plaintiff by his attorney, A. Heed, Esq., then and there consented. Whereupon the said probate court immediately proceeded to retax the aforesaid costs, in conformity to said agreement, and in accordance with law, and, after a careful examination of the cost-bill, struck out of said bill of costs $123.77, leaving the amount due on said judgment to plaintiff $226.25, which amount of $226.25 was immediately paid by said defendant." On the fourth day of May, 1891, C. Cobb, Esq., filed in said probate court a demand, signed by A. Heed, Esq., for a writ of execution for the balance of said bill of costs, disallowed as hereinbefore stated, to wit, the sum of $123.77, which demand was refused by the said probate court. Thereupon the plaintiff applied to the district court for a writ of mandate, commanding the probate court to issue execution upon said alleged judgment. The district court refused to issue the writ, and in this we think said court was entirely correct. Whatever technical points may be raised in support of the contention of plaintiff, it is palpable that his claim is without merit. In the first place, a bill of costs in justice's or probate court, of $307 costs upon a judgment of forty-three dollars damages, is of itself more than suspicious; and the plaintiff so considered it, or he would not, nor would his attorney, have consented to take $226 in settlement of the judgment. Of course, the probate court had no authority to retax costs after entering judgment, but should carefully tax costs allowed by law before entering judgment in accordance with section 4732 of the Revised Statutes of Idaho. We think the use of technical terms by the probate judge has somewhat confused matters. Doubtless the very truth of the matter is, the plaintiff agreed to accept the defendant's proposition to pay the judgment and the legal costs, and the probate judge then proceeded to give the cost-bill "a careful examination," "according to law," and found $123.77 of illegal items therein,

leaving a balance of costs amounting to about $183, which, upon a judgment for forty-three dollars would seem to be liberal. The defendant, according to agreement, paid this amount, although evidently still believing that he was being wronged. Nevertheless he paid it, and the plaintiff accepted it, as defendant and the probate court clearly understood, in full satisfaction of the judgment, and as no doubt was the intention and purpose of the parties. If the probate judge neglected to satisfy the judgment upon his docket, the defendant ought not to be made to suffer therefor. The judgment of the district court is affirmed, with costs to respondent.

Sullivan, C. J., and Morgan, J., concur.